agreed with POWEL, J. — Since being acquainted with the practice, it uniformly has been that, upon application of the appellee, the Court always permitted a rule to be entered to dismiss an appeal, but considered that rule as a waiver by the appellee of a trial during that term; but the appellant had a right to call for a trial in the same manner as if no rule had been entered. If the appellant also waived trial, the rule to dismiss stood over to the last of the same term in which it was entered, after trials were ended, and sometimes to the rule day; when, upon a short statement, the Court would either dismiss or retain the appeal; if retained, the rule would be discharged. If the appellant insisted on trial, the appellee must show cause for a continuance in the same manner as if no rule had been entered. Upon the trial, however, he might insist upon the same matter intended to be brought before the Court by the rule to dismiss.
ORIGINAL NOTE. — Motions to dismiss appeals, on account of not having been brought up agreeably to Act of Assembly, seem to be allowable in practice.
NOTE. — The case is silent as to the fact, but the language used would indicate an appeal from the County Court to the Superior Court for re-trial by jury. The practice of the Supreme Court, as a court of errors, has not been to consider a motion to dismiss as a waiver of the right to try at the same term. — ED.